SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail: bendells@sec.gov
ANN C. KIM, Cal. Bar No. 212438
Email: kimac@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>NUTRACEA; BRADLEY D. EDSON; TODD C. CROW; JOANNE D. KLINE; SCOTT WILKINSON; and MARGIE ADELMAN;<br><br>        Defendants. | Case No. CV 11-0092-PHX-DGC<br><br>**CONSENT OF DEFENDANT MARGIE ADELMAN TO ENTRY OF FINAL JUDGMENT** |

1. Defendant Margie Adelman ("Adelman") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Adelman and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Adelman admits), Adelman hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Adelman from violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2; and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13; and

    (b) bars her for five years from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3. Adelman acknowledges that the Court is not imposing a civil penalty based on her sworn representations in her Statement of Financial Condition dated November 6, 2010 and other documents and information submitted to the Commission. Adelman further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Adelman's representations to the Commission concerning Adelman's assets, income,

liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Adelman, petition the Court for an order requiring Adelman to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Adelman was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Adelman to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment.  The Commission may also request additional discovery.  Adelman may not, by way of defense to such petition:  (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

      4.      Adelman waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

      5.      Adelman waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

      6.      Adelman enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Adelman to enter into this Consent.

      7.      Adelman agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth herein.

      8.      Adelman will not oppose the enforcement of the Final Judgment on

the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.   Adelman waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Adelman of its terms and conditions.  Adelman further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Adelman has received and read a copy of the Final Judgment.

10.   Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Adelman in this civil proceeding.  Adelman acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Adelman waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Adelman further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Adelman understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

11.   Adelman understands and agrees to comply with the Commission's

policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Adelman agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Adelman hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Adelman breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Adelman's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation, arbitration, or other legal proceedings in which the Commission is not a party.

12. Adelman hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Adelman to defend against this action. For these purposes, Adelman agrees that Adelman is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Adelman (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Adelman's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Adelman's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Adelman in any United States District Court for purposes of enforcing any such subpoena.

14. Adelman agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Adelman agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Dec 13, 2010

_Margie Adelman_
Margie Adelman

On Dec. 13, 2010, Margie Adelman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Sheri McAlister_
Notary Public
Commission expires:

OFFICIAL SEAL
SHERI McALISTER
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 31, 2012

Approved as to form:

Keith Beauchamp, Esq.
Coppersmith Schermer & Brockelman PLC
2800 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Attorney for Defendant MARGIE ADELMAN

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 14, 2011, I caused to be served the document entitled **CONSENT OF DEFENDANT MARGIE ADELMAN TO ENTRY OF FINAL JUDGMENT** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 14, 2011              /s/Ann C. Kim
                                    Ann C. Kim

i

**SEC v. NutraCea et al.**
United States District Court – District of Arizona
Case No. CV 11-0092-PHX-DGC
(LA-3584)

SERVICE LIST

David Rosenbaum, Esq.
Maureen Beyers, Esq.
Osborn Maledon, PA
2929 North Central Ave.
Twenty-First Floor
Phoenix, AZ 85012
Email:  drosenbaum@omlaw.com
         mbeyers@omlaw.com
*Attorneys for Defendant NutraCea and Joanne Kline*

James Burgess, Esq.
Fennemore Craig PC
3003 N. Central Ave.
Phoenix, AZ 85012-2913
Email:  jburgess@fclaw.com
*Attorney for Defendant Bradley D. Edson*

Pam Johnston, Esq.
Foley & Lardner
555 S. Flower Street, Suite 3500
Los Angeles, CA 90071-2300
Email:  pjohnston@foley.com
*Attorney for Defendant Todd C. Crow*

Quinton F. Seamons
Beus Gilbert PLLC
4800 N. Scottsdale Road, Suite 6000
Scottsdale, Arizona 85251-7630
Email:  qseamons@beusgilbert.com
*Attorney for Defendant Joanne Kline*

Alan Baskin, Esq.
Bade & Baskin PLC
80 E. Rio Salado Parkway Suite 511
Tempe, Arizona 85281
Email:  baskin@badebaskin.com
*Attorney for Defendant Scott Wilkinson*

Keith Beauchamp, Esq.
Scott Bennett, Esq.
Coppersmith Schermer & Brockelman PLC
2800 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Email:  KBeauchamp@csblaw.com
         SBennett@csblaw.com]
*Attorneys for Defendant Margie Adelman*