1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>NUTRACEA; BRADLEY D. EDSON; TODD C. CROW; JOANNE D. KLINE; SCOTT WILKINSON; and MARGIE ADELMAN;<br><br>    Defendants. | Case No. CV 11-0092-PHX-SRB<br><br>**FINAL JUDGMENT AGAINST DEFENDANT JOANNE KLINE** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Joanne Kline ("Kline") having entered a general appearance; consented to the Court's jurisdiction over Kline and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the Commission on Forms 10-Q and Forms 10-K that fail to contain material

information necessary to make the required statements in the Forms 10-Q and Forms 10-K, in light of the circumstances under which they are made, not misleading.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that financial statements are prepared in conformity with Generally Accepted

Accounting Principles in violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline and her agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, by, directly or indirectly,

   (a)   making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements true, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following: (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

   (b)   taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit

or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kline shall pay a civil penalty in the amount of $25,000.00 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Kline shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Joanne Kline as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Kline shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Joanne Kline is incorporated herein with the same force and effect as if fully set forth herein, and that Kline shall comply with all of the agreements set forth therein.

///
///
///
///

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 14th day of February, 2011.

_____
Susan R. Bolton
United States District Judge