1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  vs.<br><br>NUTRACEA; BRADLEY D. EDSON; TODD C. CROW; JOANNE D. KLINE; SCOTT WILKINSON; and MARGIE ADELMAN;<br><br>        Defendants. | Case No. CV 11-0092-PHX-SRB<br><br>**FINAL JUDGMENT AGAINST DEFENDANT MARGIE ADELMAN** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Margie Adelman ("Adelman") having entered a general appearance; consented to the Court's jurisdiction over Adelman and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Adelman and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Adelman and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Adelman and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the Commission on Forms 10-Q and Forms 10-K that fail to contain material information necessary to make the required statements in the Forms 10-Q and Forms 10-K, in light of the circumstances under which they are made, not misleading.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Adelman and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange

1 Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of
2 the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to make and keep books, records,
3 and accounts, which, in reasonable detail, accurately and fairly reflect the
4 transactions and disposition of the assets of the issuer.

## V.

6     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
7 Adelman and her agents, servants, employees, attorneys, and all persons in active
8 concert or participation with them who receive actual notice of this Final Judgment
9 by personal service or otherwise are permanently restrained and enjoined from
10 aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15
11 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer
12 which has a class of securities registered pursuant to Section 12 of the Exchange
13 Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of
14 the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to devise and maintain a system
15 of internal accounting controls sufficient to provide reasonable assurances that
16 financial statements are prepared in conformity with Generally Accepted
17 Accounting Principles in violation of Section 13(b)(2)(B) of the Exchange Act, 15
18 U.S.C. §78m(b)(2)(B).

## VI.

20     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
21 Adelman and her agents, servants, employees and attorneys, and all persons in
22 active concert or participation with them, who receive actual notice of this Final
23 Judgment by personal service or otherwise are permanently restrained and enjoined
24 from violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by,
25 directly or indirectly, falsifying or causing to be falsified, any book, record or
26 account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C.
27 § 78m(b)(2)(A).
28 ///

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Adelman and her agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, by, directly or indirectly,

(a) making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements true, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following: (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

(b) taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Adelman, is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l

or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that based on Adelman's sworn representations in her Statement of Financial Condition dated November 6, 2010, and other documents and information submitted to the Commission, the Court is not ordering Adelman to pay a civil penalty.  The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Adelman's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Adelman's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Adelman, petition the Court for an order requiring Adelman to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Adelman was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Adelman may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Margie Adelman is incorporated herein with the same force and effect as if fully set forth herein, and that Adelman shall comply with all of the agreements set forth therein.

**XI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 14th day of February, 2011.

_____
Susan R. Bolton
United States District Judge